## (March 19, 1964)

■ FRANK MANCINO, Respondent, v. 1051 5TH AVE. CORP., Appellant.— Judgment for plaintiff unanimously reversed, on the law and the facts, with costs to the appellant, the jury verdict vacated and the complaint dismissed, with costs. The plaintiff failed to prove actionable negligence on the part of the defendant. The plaintiff, a bricklayer, an employee of a subcontractor, was engaged in the construction of a several story building, and his injuries were sustained when he slipped and fell to the ground as he stepped through a narrow casement window on the fourth floor to a scaffold suspended from the roof. He testified that, on going through said window, he placed one foot on the outer aluminum window sill and slipped, and that, with his other foot extended toward or placed upon the scaffold, it then shifted outward, causing him to fall four stories. He alleges that the cause of his slipping was the presence of a vaseline protective covering on the outer window sill and charges the defendant with negligence in the alleged failure to exercise due care to furnish him with a safe approach to his place of work. It does not appear, however, that the outer aluminum sill of the narrow casement window, through which the plaintiff passed to his work on the scaffold — qua window sill — was improperly designed or constructed, or that it was defective in any way. The sill was not intended as a place on which workmen would step. The plaintiff, in placing his foot on the outer sill, was using it for a purpose for which it was not adapted. The general practice followed by workmen in passing through a window to get on a scaffold was to step directly over the window sill without stepping upon it, and at the same time to grab and hold tightly onto the window frame or the scaffold cables. Furthermore, it appears without dispute that it was the custom and entirely proper, during construction, to place some sort of protective covering on the outer aluminum sills to protect them from cement droppings and cleaning acids and that, in this case, the bricklaying foreman and certain bricklayer employees had participated in putting the vaseline upon these window sills. Thus, the defendant was entitled to assume that the bricklayer employees knew that these sills were coated with vaseline and that consequently they were slippery. In any event, there is nothing in the record to reasonably charge the defendant with notice that the workmen would be using these outer window sills to step upon. Consequently, there is no liability on the defendant under the circumstances here. (See *Gasper* v. *Ford Motor Co.,* 13 N Y 2d 104, mod. 13 N Y 2d 893; *Holgerson* v. *South 45th St. Garage,* 16 A D 2d 255, affd. 12 N Y 2d 1011; *Borshowsky* v. *Altman & Co.,* 280 App. Div. 599.) Finally,

if we were not dismissing the complaint as a matter of law, we would reverse and set aside the verdict and grant a new trial upon the ground that the finding that the defendant was guilty of negligence, implicit in the verdict, is against the weight of the credible evidence. Concur — Botein, P. J., Rabin and Eager, JJ.; McNally and Stevens, JJ., concur in the following concurring memorandum by McNally, J.: I concur. However, I would add the additional ground that the window and sill were not places to work or approaches thereto within the meaning of section 200 of the Labor Law. Appeal from order ·entered on February 27, 1963, dismissed as academic, without costs.